87 F.3d 1315
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Salvador SANTANA, Plaintiff-Appellant,
v.
U.S. TSUBAKI, INC., Defendant-Appellee.
 No. 95-3198.
 United States Court of Appeals, Sixth Circuit.
 June 3, 1996.
 
 Before: NORRIS and COLE, Circuit Judges; HULL, District Judge.*
 MEMORANDUM OPINION
 PER CURIAM.
 
 
 1
 Plaintiff, Salvador Santana, appeals from the order of the district court granting summary judgment to defendant, U.S. Tsubaki, Inc., in his lawsuit claiming he was the victim of unlawful discriminatory employment practices.
 
 
 2
 Having had the benefit of oral argument, and having carefully considered the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in granting summary judgment to defendant.
 
 
 3
 Plaintiff first contends that the district court erred by refusing to grant an extension of time for discovery. We are unable to say that the district court abused its discretion in this regard. Under the circumstances of this case, neither Local Rule 8:1.2(h) nor Fed.R.Civ.P. 29 required the district court to extend time for discovery. Furthermore, plaintiff exaggerates the holding of this court in our opinion in White's Landing Fisheries v. Buchholzer, Inc., 29 F.3d 229 (6th Cir.1994). That case simply held that summary judgment may not be awarded against a non-moving party until that party has been afforded some opportunity for discovery. Here, plaintiff was afforded the opportunity for discovery but failed to avail himself of that opportunity within the time frame allotted. In addition, he failed to demonstrate why he was unable to conduct his discovery within that time frame.
 
 
 4
 Plaintiff also takes issue with the district court's grant of summary judgment to defendant. However, upon the record before it, the district court properly granted summary judgment. In essence, the district court confronted a default by plaintiff concerning his burden to respond to a motion for summary judgment. We affirm the grant of summary judgment for the reasons stated by the district court in its Memorandum and Order filed on January 23, 1995.
 
 
 5
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation